PROB 12C
( 12/04)

# UNITED STATES DISTRICT COURT

for

## District of the Northern Mariana Islands

F I L E D
Clerk
District Court

FEB − 8 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Francisco R. Santos                          Case Number: 00-00008-001

Name of Sentencing Judicial Officer:    Alex R. Munson

Date of Original Sentence:    August 15, 2000

Original Offense:    Attempted Interference with Commerce by Robbery, 18 U.S.C. § 1951

Original Sentence:    Sentenced to 63 months imprisonment followed by three years of supervised release with conditions to include that he not commit another federal, state, or local crime; submit to one urinalysis within 15 days of release and two additional urinalysis thereafter not exceed 60 days; participate in a substance abuse treatment program approved by the U.S. Probation for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse; refrain from the use of any and all alcoholic beverages; seek and maintain gainful employment; perform 300 hours of community service under the direction of the U.S. Probation Office.

Type of Supervision: Supervised Release          Date Supervision Commenced: March 14, 2005

Assistant U.S. Attorney: Jamie Bowers                Defense Attorney: Bruce Berline

### PETITIONING THE COURT

[ ] To issue a warrant

[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number    Nature of Noncompliance

(1)
Mandatory
Condition        Failure to comply with federal, state, or local crime

U.S. Probation Officer Recommendation:

[✓] The term of supervision should be

    [✓] revoked.

    [ ] extended _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached report*

I declare under penalty of perjury that the foregoing is true and correct.

Reviewed by:

*Rossanna Villagomez-Aguon*
Rossanna Villagomez-Aguon

U.S. Probation Officer
Supervision Unit Leader

Date: 2/1/06

Reviewed by:

Jamie Bowers

Assistant U.S. Attorney

Date: 2/8/6

*Margarita Wonenberg*
Margarita DLG. Wonenberg

U.S. Probation Officer

Executed on: 2-08-06

---

**THE COURT ORDERS:**

[ ] No action.

[X] The issuance of a warrant.

[ ] The issuance of a summons.

[X] Other  *if released from CNMI custody – Detain and bring before the U.S. Federal Court NMI*

*Alex R. Munson*
Signature of Judicial Officer

2-8-06
Date

# UNITED STATES DISTRICT COURT
## FOR THE
# NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| United States of America<br>Plaintiff, | )<br>)<br>) | USDC Cr. Cs. No. 00-00008-001 |
| | ) | DECLARATION IN SUPPORT OF PETITION |
| vs. | )<br>) | |
| Francisco Reyes Santos<br>Defendant. | )<br>)<br>) | |

I, U.S. Probation Officer Margarita DLG Wonenberg, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Francisco Reyes Santos, and in that capacity declare as follows:

On August 15, 2000, Mr. Santos was sentenced to 63 months imprisonment followed by three years supervised release for the offense of Attempted Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951. Mr. Santos commenced his term of supervised release on March 14, 2005. He is alleged to have violated the following condition:

**Mandatory Condition:** *That the defendant shall not commit another federal, state, or local crime.*

On November 10, 2005, Mr. Santos notified this officer that he had been arrested and was detained at the Susupe Detention facility. Investigations into his arrest resulted in the probation office's receipt of an Information on December 19, 2005. The Information was filed in the Superior Court of the Commonwealth of the Northern Mariana Islands on November 16, 2005 under criminal case 05-0347, and charged Ryan Duenas, Anthony P. Santos, and Francisco Reyes Santos with Count I: Conspiracy to Commit Burglary (6 CMC § 1801(a), with the purpose of committing Theft (6 CMC § 1601(a)), in violation of 6 CMC §§ 303(a), punishable by 6 CMC § 304(b), 6 CMC § 1801(b)(1), and 4101; Count II: Burglary, with the purpose of committing Theft (§ 1601(a)), in violation of 6 CMC § 1801(a) and punishable by 6 CMC §§ 1801(b)(2)(A) and 4101(b); Count III: Theft, in violation of 6 CMC § 1601(a), punishable by 6 CMC §§ 1601(b)(1) and 4101(a); Count IV: Criminal Mischief, in violation of 6 CMC § 1803(a)(1), and punishable by 6 CMC §§ 1803(b), 1601(b)(2), and 4101(b); and Counts V, VI, and VII: Solicitation to Commit Burglary. Count VII specifies Francisco Reyes Santos, in violation of 6 CMC § 302(a) and punishable by 6 CMC §§ 304(a)(2), 1801(b)(2)(A), and 4101. The most serious of the charges, Count III- Theft, carries a maximum of ten years imprisonment and up to $10,000 fine. The other charges carry a maximum of five years imprisonment and up to $5,000 fine.

The Information states that on or between July 29, 2005 and August 1, 2005, on the island of Saipan, Commonwealth of the Northern Marianas Islands, the defendants conspired to commit and did commit the offenses as charged when they unlawfully entered the warehouse of the CNMI Water Task Force located in Lower Base and unlawfully took property of the CNMI Water Task Force, to wit: supplies and equipment valued at $61,181.00. Further, the Information alleges that the defendants intentionally caused damage to the property of the CNMI Water Task Force warehouse, to wit: a large hole in the aluminum wall of the warehouse, the value of which property is more than $250 and less than $20,000.

Declaration in Support of Petition
Re:    SANTOS, Francisco Reyes
USDC Cr. Cs. No. 00-00008-001
January 24, 2006
Page 2


Investigations into the case showed that Mr. Santos was arrested by officers of the
Department of Public Safety on November 10, 2005, and transported to the station for questioning
where he was subsequently detained. On the same day, Detective George David contacted this officer
to advise of the defendant's arrest. On November 16, 2005, he was charged accordingly. Bail in his
case has been set at $60,000 cash. He is currently detained.

**Supervision Compliance**: Mr. Santos completed his court-ordered 300 hours community service
on July 20, 2005. Prior to his arrest in the local case, he was compliant with his drug treatment
program and was in Phase II of the Program. Prior to his arrest locally, he was employed part-time
as a construction worker for Chris Sablan, and earned $3.05 per hour.

**Officer Recommendation:** This probation officer respectfully requests that the Court issue a
Summons for Francisco Reyes Santos to appear at a hearing scheduled by the Court, and during that
hearing, he be held to answer or show cause why supervise release in this case should not be
revoked, or for any reason or cause which the Court may deem just and proper pursuant to 18 U.S.C.
§ 3583.

Executed this 25th day of January 2006, at Saipan, MP, in conformance with the provisions
of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters
stated upon information and belief, and as to those matters, I believe them to be true.


Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
MARGARITA DLG WONENBERG
U.S. Probation Officer


Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader


cc:    Jamie Bowers, Assistant United States Attorney
       Bruce Berline, Defense Attorney
       File

**VIOLATION WORKSHEET**

1.  Defendant    Francisco Reyes Santos

2.  Docket Number (Year-Sequence-Defendant No.)    CR 00-00008-001

3.  District/Office    Northern Mariana Islands

4.  Original Sentence Date    08 / 15 / 00
    month   day   year

(If different than above):

5.  Original District/Office    N/A

6.  Original Docket Number (Year-Sequence-Defendant No.)    N/A

7.  List each violation and determine the applicable grade (see §7B1.1(b))

Grade

Violation(s)

- Failure to refrain from committing another federal, state, or local crime    B

8.  Most Serious Grade of Violation (see §7B1.1(b)    B

9.  Criminal History Category (see §7B1.4(a)    VI

10. Range of Imprisonment (see §7B1.4(a))    21-27    months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

☐   (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐   (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☑   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant:       Francisco Reyes Santos

_____

12.    **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution ($)    NA _____        Community Confinement    NA _____

Fine ($)    NA _____        Home Detention    NA _____

CS        -0- _____        Intermittent Confinement    NA _____

13.    **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years.

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment:    9-15 months

14.    **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

None.

15.    **Official Detention Adjustment** (see §7B1.3(e)):    0    months    0    days

Can a New Term of Supervised Release Be Imposed?*

- ‣ Step One:
  Determine the statutorily authorized
  maximum term of imprisonment
  available upon revocation**          24

- ‣ Step Two:
  Subtract the amount of imprisonment
  to be imposed (in addition to any term
  of imprisonment imposed on prior
  revocation) upon revocation          21-27

- ‣ Step Three:
  If the difference is greater than zero
  the court may impose a new term
  of supervised release

*Only applicable in cases where the original offense was committed on or after September 13, 1994.
**18 U.S.C. 3583(e)(3)

Determining the Term of Supervised Release Available Upon
Revocation*

- ‣ Step One:
  Determine the maximum statutory
  term of supervised release available
  for the original offense**          36

- ‣ Step Two:
  Subtract the amount of imprisonment
  to be imposed (in addition to any term
  of imprisonment on prior revocation)
  upon revocation          21-27

- ‣ Step Three:
  The difference is the maximum
  term of supervised release that can
  be imposed upon revocation of
  supervised release          9-15

*Oly applicable in cases where the original offense was committed on or after September 13, 1994.
**18 U.S.C. 3583(b)

Francisco Santos (00-00008)
Original Offense: Class C Felony
Violation Grade: Grade B
Criminal Category: VI (13)
Revocation imprisonment credit: None
12-27-05